UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN OF WASHINGTON,<br><br>Defendants. | Case No.: 2:21-cv-01338<br><br>**CONSENT DECREE** |

I. **INTRODUCTION**

1. Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) brought this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (Title VII) to correct alleged unlawful employment practices on the basis of race, and to provide appropriate relief to Charging Party Darlene Hayden. The EEOC filed suit against Defendant Kaiser Foundation Health Plan of Washington (KFHPW) and alleged that KFHPW engaged in unlawful discrimination in violation of Title VII by subjecting Hayden to a hostile work environment on the basis of her race (African American).

2. In the interest of resolving this matter the EEOC and KFHPW (collectively, the Parties) enter into this Consent Decree without further contested litigation.

3. This Consent Decree shall not be construed as an admission of liability or wrongdoing by KFHPW.

4. The Court has reviewed this Consent Decree considering the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

CONSENT DECREE
Case No. 2:21-cv-01338

1

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

**II.     PURPOSE AND SCOPE OF THE CONSENT DECREE**

5.    This Consent Decree (Decree) shall be binding on and enforceable against KFHPW, its management (including all officers, managerial and supervisory employees), agents, successors and assigns.

6.    The Parties have entered into this Decree in order to:

(a)     provide appropriate monetary and injunctive relief;

(b)     ensure that KFHPW's employment practices comply with Title VII;

(c)     ensure a work environment at KFHPW free from discrimination, harassment and retaliation;

(d)     ensure training for KFHPW's employees, including managers and supervisors at Tacoma Medical Center (TMC), as well as KFHPW Human Resources employees who may respond to EEO complaints from KFHPW employees, with respect to their obligations and rights under Title VII; and

(e)     ensure that KFHPW's policies and procedures shall be implemented in a manner that promotes the goals of this Decree.

**III.    SCOPE OF RESOLUTION**

7.    This Decree completely and finally resolves all claims made by the EEOC in its Complaint [ECF 1] filed in the United States District Court for the Western District of Washington, in the action captioned *Equal Employment Opportunity Commission vs. Kaiser Foundation Health Plan of Washington,* Case No. 2:21-cv-01338 LK (hereinafter Action).

8.    Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that KFHPW fails to comply with the terms of the Decree.

9.    Nothing in this Decree shall be construed to limit or reduce KFHPW's obligation to comply fully with Title VII or any other federal employment statute.

10.   This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later arise against KFHPW in accordance with standard EEOC procedures.

/ / /

CONSENT DECREE
Case No. 2:21-cv-01338

2

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 Golden Gate Ave, 5th Floor West, POB 36025
San Francisco, CA 94102
Phone (650) 684-0950    Fax (415) 522-3425

## IV. JURISDICTION

11. The Court has jurisdiction over the Parties and the subject matter of this Action. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and does not derogate the rights or privileges of any person.

12. The Action shall be dismissed with prejudice and the Court shall retain jurisdiction for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement fully the relief provided herein.

## V. EFFECTIVE DATE AND DURATION OF DECREE

13. The provisions and agreements contained herein are effective immediately on the date that this Decree is entered by the Court (Effective Date).

14. The Decree shall remain in effect through three years from the Effective Date.

## VI. MONETARY RELIEF

15. In settlement of all claims that were made in the EEOC Complaint, KFHPW shall pay $140,000 (the Settlement Sum), payable in a check to Darlene Hayden, sent to her through registered mail no later than thirty (30) business days after the Effective Date. The Settlement Sum represents non-wage damages for emotional distress, pain and suffering.

16. KFHPW shall issue an IRS Form 1099 to Darlene Hayden in connection with the monetary payment.

17. KFHPW shall provide a copy of the payment check and the delivery tracking information to the EEOC's counsel of record at EEOC-SFDO_COMPLIANCE@eeoc.gov within three (3) business days of the day that it mails the check to Darlene Hayden.

18. KFHPW shall not condition the receipt of monetary relief on Darlene Hayden's agreement to: (a) maintain as confidential the facts and/or allegations underlying her Charge of Discrimination and the Complaint or the terms of this Decree; (b) waive her statutory right to file a charge with any government agency; (c) a non-disparagement agreement; or (d) not retain her employment with KFHPW or otherwise seek reemployment in the future if she elects to leave.

19. EEOC's reporting requirements under IRC Sections 162(f) and 6050X. The EEOC

CONSENT DECREE
Case No. 2:21-cv-01338

3

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

1  may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of
2  the Internal Revenue Code which allow for certain payments by employers to be deducted from the
3  employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy
4  of the 1098-F form that it will provide to the Internal Revenue Service (IRS). The EEOC has made
5  no representations regarding whether the amount paid pursuant to this settlement qualifies for the
6  deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does
7  not mean that the requirements to claim a deduction under the Internal Revenue Code have been
8  met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by
9  the IRS with no input from the EEOC. The parties are not acting in reliance on any representations
10 made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a
11 deduction under the Internal Revenue Code. The Defendant's EIN is 91-0511770. The individual to
12 whom the EEOC should mail and email a copy of the form 1098-F, if the EEOC is required to issue
13 one is Jennifer Eslava, Regional Controller, Kaiser Foundation Health Plan of Washington, 1300 SW
14 27th St., Renton, WA 98057-2435, jennifer.d.eslava@kp.org.

## VII.  GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION

20.  KFHPW and its officers, agents, employees, successors and assigns are enjoined from discriminating against or subjecting any employee to harassment or a hostile work environment based on race.

21.  During the duration of the Decree, KFHPW shall provide prior written notice to any potential purchaser of KFHPW's businesses, or a purchaser or transferee of all or a substantial portion of KFHPW's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the Complaint and the existence and contents of this Decree.

## VIII. SPECIFIC INJUNCTIVE RELIEF

### A.  Equal Employment Opportunity Consultant

22.  Within sixty (60) days after the Effective Date, KFHPW shall retain an Equal Employment Opportunity Consultant (Consultant) to review KFHPW's written EEO policies.  The Consultant shall have demonstrated experience in the area of employment discrimination, racial harassment, hostile work environment and retaliation issues, including investigations of complaints.

CONSENT DECREE
Case No. 2:21-cv-01338

4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

The Consultant shall review and propose revisions, as necessary, to KFHPW's written EEO policies prohibiting discrimination, harassment, hostile work environment and retaliation, including the procedures for the National EEO Investigations Unit (Investigations Unit) and any third party with demonstrated experience in conducting such investigations retained by KFHPW to address complaints of discrimination, harassment, hostile work environment, and retaliation to ensure that KFHPW fully complies with Title VII and all requirements set forth in this Decree. Pursuant to agreement with KFHPW, the Investigations Unit and a third party retained to conduct investigations required by the Decree, shall conduct EEO investigations on behalf of KFHPW. The Consultant shall be selected pursuant to Paragraph 23. *infra.* The Consultant shall be responsible for:

    (a)    ensuring that all KFHPW officers and employees, including managers, supervisory, and human resources employees are trained on their rights and responsibilities under Title VII and this Decree, *see infra.* Section VIII.F., including the responsibility to provide a workplace free of discrimination, harassment, a hostile work environment and retaliation; and

    (b)    ensuring that KFHPW complies with the requirements, meets all deadlines, and timely submits all reports required by this Decree, *see infra.* Section X.

23. Within thirty (30) days after the Effective Date, KFHPW shall identify its proposed Consultant and submit the Consultant's name and resume or C.V. to the EEOC. The EEOC will raise any objections to the proposed Consultant within fifteen (15) days of identification.

24. The Consultant shall have access to KFHPW's written EEO policies, documents, and other sources of information needed to perform the obligations under this Decree.

25. The Consultant shall be retained for the duration of the Decree. KFHPW shall pay all fees and costs associated with the Consultant's retention.

26. If at any point during the Decree, the Consultant is no longer able to perform the aforementioned duties, KFHPW shall identify its proposed replacement Consultant and submit the replacement Consultant's name and resume or C.V. to the EEOC within thirty (30) days of determining that the Consultant can no longer perform its duties. The EEOC will raise any objections to the proposed Consultant within fifteen (15) days of identification.

///

CONSULTANT DECREE
Case No. 2:21-cv-01338

5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

B. **Policy and Procedures Concerning Discrimination, Harassment, Hostile Work Environment, and Retaliation**

27. Within ninety (90) days of the Effective Date, KFHPW shall, with the input of the Consultant, review and revise as necessary KFHPW's written EEO policies prohibiting discrimination, harassment, hostile work environment, and/or retaliation, and internal procedures for receiving and investigating such complaints.

28. The policies shall, at a minimum, include:

   (a) A clear explanation of prohibited conduct under Title VII, including race-based discrimination, harassment, hostile work environment, and retaliation;

   (b) A clear assurance that employees who make complaints or provide information related to complaints, witnesses, and others who participate in the investigation will be protected against retaliation;

   (c) A requirement that supervisors and managers must ensure employees' compliance with the company's policies prohibiting discrimination, harassment, a hostile work environment, and/or retaliation, and must report any incidents and/or complaints of discrimination, harassment, or hostile work environment, including but not limited to, racist comments and/or retaliation that they observe, or of which they become aware, to KFHPW's Employee and Labor Relations Department;

   (d) A clearly described complaint procedure that provides multiple, accessible avenues of complaint;

   (e) Assurance that KFHPW will protect the confidentiality of discrimination, harassment, hostile environment, and/or retaliation complaints to the extent possible;

   (f) Assurance that KFHPW will, through the Investigations Unit or through a third party with demonstrated experience in conducting such investigations, endeavor to investigate complaints of discrimination, harassment, hostile environment, or retaliation within the following timelines, unless there are extenuating circumstances preventing compliance with the following timelines, including circumstances that would impair the effectiveness of the investigation(s): (1) for complaints from employees at KFHPW's Tacoma Medical Center (KFHPW-TMC) or regarding

CONSENT DECREE
Case No. 2:21-cv-01338                            6

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

conduct at KFHPW-TMC, within forty-five (45) days of receiving notice of a complaint, and (2) for complaints from employees at all KFHPW facilities or regarding conduct at any KFHPW facility, excluding KFHPW-TMC, within sixty (60) days of receiving notice of a complaint;

(g) Following completion of an investigation, assurance that KFPHW will endeavor to take timely and proportionate corrective action within fifteen (15) days of receiving notice of results or completion of an investigation, unless there are extenuating circumstances, when the Investigations Unit and/or the third party conducting investigations required by this Decree, determine discrimination, harassment, hostile environment, or retaliation has occurred and will respond appropriately to behavior that may not be legally-actionable discrimination, harassment, hostile environment, or retaliation but that, left unchecked, could lead to same; and

(h) A clear explanation that KFHPW will hold all employees, including officers, management, supervisory and human resources employees responsible for receiving and investigating complaints of harassment, discrimination, hostile work environment and retaliation form KFHPW staff, accountable for engaging in conduct prohibited under Title VII and/or failing to take appropriate, proportional action sufficient to address discrimination, harassment, a hostile work environment or retaliation.

29.  Within ninety (90) days of the Effective Date, KFHPW shall provide the EEOC with copies of its written EEO policies and procedures described in this Paragraph 28, and the Investigations Unit's investigative procedures, including those related to KFHPW's retention of a third party to conduct investigations. Upon receipt, the EEOC shall have fifteen (15) days to review and/or comment on the policies and procedures.

30.  KFHPW shall provide notice of and electronic access to all written EEO policies referenced in Paragraph 28 to its current employees no later than thirty (30) days after KFHPW receives comments from the EEOC, and to new employees within thirty (30) days of hire.

31.  Subsequent to the initial EEO policy review process described above, if KFHPW proposes any later material modifications to its written EEO policies referenced in Section VIII.B. pending the duration of this Decree, then KFHPW shall submit such proposed material modifications to the EEOC for its review and consideration no later than thirty (30) days before adoption. The

CONSENT DECREE
Case No. 2:21-cv-01338

7

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

EEOC will notify KFHPW within fifteen (15) days of receipt of the proposed modifications if it has any concerns about the proposed modifications.

32.   For purposes of this Section, "material modifications" shall refer to any modifications to the substantive provisions referenced in Paragraph 28 above.

### C.   Policy and Procedure Concerning Internal Complaints

33.   Throughout the duration of this Decree, KFHPW shall maintain an internal EEO complaint policy that includes procedures by which the timely reporting of any perceived violation is encouraged because this is essential to ensure a timely and thorough investigation.  At a minimum, the procedure shall contain the following:

(a)   The complaint procedure shall state that as soon as possible after a perceived EEO violation, an applicant or current employee should contact a local KFHPW HR representative to report their complaint.  An employee may also file a complaint of a perceived EEO violation or retaliation by notifying a KFHPW manager or supervisor, and/or KP's national Compliance Hotline;

(b)   Complaints will be investigated whether or not the complainant wishes to reduce the complaint to writing or requests that the investigation not be conducted;

(c)   KFHPW shall take reasonable precautions to ensure that a complaint is treated as confidential and private, to the extent possible.  If appropriate, the applicable manager/administrator may be notified of the complaint;

(d)   KFHPW will promptly send any EEO-related complaints to the Investigations Unit and/or the third party retained to conduct the investigation, within five (5) business days of receipt of said complaints;

(e)   KFHPW through its agreement with the Investigations Unit and/or the third party retained to conduct the investigation, will endeavor to complete investigations within forty-five (45) or sixty (60) days, as explained in Paragraph 28(f), *supra*, unless there are extenuating circumstances that would impair the effectiveness of the inquiry by completing the investigation within forty-five (45) or sixty (60) days, respectively;

(f)   KFHPW, through its agreement with the Investigations Unit and/or the third party retained to conduct the investigation, shall gather, preserve, and document all evidence of

CONSENT DECREE
Case No. 2:21-cv-01338-LK

8

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

harassment, a hostile work environment, discrimination and retaliation, including evidence stored electronically, such as text messages, emails and/or social media;

(g) KFHPW shall independently or through the Investigations Unit and/or the third party retained to conduct investigations, communicate with the complainant in writing regarding the investigation, whether the complaint was substantiated, and instructions on how to appeal the decision within ten (10) days of KFHPW having taken timely and proportionate corrective action or having determined not to take corrective action;

(h) KFHPW shall not tolerate unlawful retaliation against any employee for complaining, assisting, or participating in the EEO internal complaint procedure or any EEO external complaint procedure;

(i) KFHPW shall memorialize verbal complaints in writing, preserve written complaints, and maintain written records of all steps taken from the point of first contact with a KFHPW manager, supervisor, or Human Resources professional until the Investigations Unit and/or the third party retained to conduct the investigation is notified, whereupon the Investigations Unit and/or the third party takes on the investigation and responds to the complaint;

(j) KFHPW shall, through its agreement with the Investigations Unit and/or the third party retained to conduct the investigation ensure that its investigations are objective and neutral, and that investigators weigh credibility as part of their investigative reports and findings;

(k) KFHPW's internal EEO complaint procedure does not replace the right of any employee to file a charge or complaint of harassment, a hostile work environment, discrimination or retaliation under any available municipal, state, or federal law;

(l) If an allegation of discrimination, harassment, hostile work environment, or retaliation against any employee is substantiated, then such conduct shall result in appropriate and proportionate discipline, up to and including discharge; and

(m) If a management and/or Human Resources employee fails to comply with the aforementioned provisions in Paragraphs 33(a)-(l), the management and/or Human Resources employee shall be subject to appropriate and proportionate discipline, up to and including discharge.

///

CONSENT DECREE
Case No. 2:21-cv-01338

9

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

**D.  Second Level Review of Investigations and Discipline**

34. During the duration of this Decree, a Manager of the National EEO Investigations Unit will review all investigation files from KFHPW employee complaints of racial discrimination, harassment, hostile work environment, or retaliation, and their findings to ensure the investigations were thorough and fair, including investigations conducted by a third party pursuant to this Decree. Throughout the duration of this Consent Decree, the Investigations Unit shall retain all investigations files including those for investigations conducted by a third party pursuant to this Decree. KFHPW shall retain all final investigation reports it receives from the Investigations Unit and from a third party contracted to conduct investigations pursuant to this Decree.

35. KFHPW will issue appropriate and proportionate discipline when an investigation substantiates a violation of KFHPW's EEO policies.

**E.  Appeals By Complainants**

36. If a KFHPW employee is not satisfied with the findings of the National EEO Investigations Unit or that of a third party contracted to conduct the investigation or the response to their complaint, the employee may request an appeal of the findings in writing to the appropriate KP Vice President, Human Resources (or designee) within twenty-one (21) calendar days from the date the complainant is notified in writing about the completion of the investigation and findings. The appeal must include an explanation behind the reason for the appeal. The closure letter from the National EEO Unit Investigator or the third party contracted to conduct the investigation to the complainant will contain instructions for submitting an appeal.

37. The KP Vice President, Human Resources (or designee) will provide a final written decision to the employee within sixty (60) days, after receiving access to review the entire investigation file, complaint, all documentation and evidence gathered, investigator notes, and the report from the National EEO Unit Investigator or the third party contracted to conduct the investigation.

**F.  Training**

38. KFHPW shall review and revise, as necessary, its current training programs to ensure that all employees are trained on laws and KFHPW's EEO policies prohibiting racial discrimination,

harassment, hostile work environment, and retaliation in the workplace. All trainings required by this Decree for non-supervisory, supervisory, management and Human Resources employees shall be developed and administered internally or by vendors. Whether internal or external, the developers and administrators will possess demonstrated expertise in federal anti-discrimination laws, including issues regarding racial discrimination, harassment, hostile work environment, and retaliation.

39. The initial training of non-supervisory, supervisory, management and Human Resources employees must be concluded within one hundred and twenty (120) days of the Effective Date.

40. All non-supervisory employees at KFHPW-TMC shall participate in an interactive EEO training program annually during the duration of this Decree. To the extent the training is pre-recorded, participants will receive a dedicated email after the training with instructions how to submit any questions about the content of the training. The program shall be at least one (1) hour in length and shall include instruction on EEO rights and responsibilities, including but not limited to, Title VII's prohibitions against race discrimination, harassment, hostile work environment, and/or retaliation, as well as a discussion about respect for diversity in the workplace, and instruction and scenarios related to KFHPW's prohibition of the use of derogatory race-based comments and inappropriate race-based language. The training will include discussion regarding how KFHPW will address incidents of harassment, including those that may not be legally actionable, and the consequences for employees who have engaged in such behavior. The training shall also include:

(a) a component of "respectful workplace training," i.e., instruction intended to educate employees about conduct that is unacceptable in the workplace, including behavior which, if left unchecked, may rise to the level of actionable discrimination, harassment, hostile work environment and/or retaliation;

(b) a component of "bystander intervention training", i.e., instruction that will emphasize that a worker who observes discrimination, harassment, a hostile work environment or retaliation should report it to management, Human Resources and/or to the Consultant;

(c) a component on racial bias and equity, including training on implicit bias and KFHPW's commitment to Diversity, Equity and Inclusion in its workforce; and

       (d)    instructions regarding KFHPW's policies and procedures for reporting and handling complaints of discrimination, harassment, hostile work environment, and/or retaliation.

41. All supervisory and management employees at KFHPW-TMC shall participate in an interactive EEO training program annually during the duration of this Decree. To the extent the training is pre-recorded, participants will receive a dedicated email after the training with instructions how to submit any questions about the content of the training. The program will be at least one (1) hour in length and will include the topics listed in Paragraph 40 above, and shall include:

       (a)    training on recognizing discrimination, harassment, a hostile work environment, and retaliation;

       (b)    procedures for taking preventative and corrective measures against discrimination, harassment, a hostile work environment and/or retaliation;

       (c)    the responsibilities of supervisors and managers under equal employment opportunity laws, including but not limited to reporting discrimination, harassment, a hostile work environment and retaliation to appropriate Human Resources personnel;

       (d)    how to assist Human Resources staff or the third party retained to conduct investigations in their investigations of complaints of discrimination, harassment, a hostile work environment and retaliation in accordance with the internal complaint procedure;

       (e)    how to prevent retaliation; and

       (f)    a component on racial bias and equity, including training on implicit bias, and debiasing programs for those engaged in enforcing KFHPW's policy on equal employment opportunity and KFHPW's commitment to Diversity, Equity and Inclusion in its workforce.

42. KFHPW Human Resources employees who may receive reports of discrimination, harassment, hostile work environment, or retaliation from KFHPW employees (including but not limited to the Employee and Labor Relations Department staff) shall participate in the same training as KFHPW-TMC non-supervisory employees annually during the duration of this Decree. To the extent the training is pre-recorded, participants will receive a dedicated email after the training with instructions how to submit any questions about the content of the training. The program will be at

CONSENT DECREE
Case No. 2:21-cv-01338

12

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

least one (1) hour in length and will include the topics listed in Paragraph 40 above.

43. After KFHPW has concluded the initial trainings required by Paragraphs 40-42, during the remaining term of the Decree, all newly-hired employees and those hired into or promoted from a non-supervisory to a managerial or supervisory position shall receive the EEO training described in Paragraphs 40-41 within sixty (60) days of hire or promotion. All newly-hired Human Resources employees shall receive the training described in Paragraph 42 within sixty (60) days of hire, unless it is not practicable or feasible to do so within this time period.

44. Within thirty (30) days after the Effective Date, KFHPW shall identify to the EEOC all proposed providers for the training to be provided pursuant to Paragraphs 38-43 of this Decree and submit their resumes and/or C.V.s for the EEOC's review and consideration. The EEOC will raise any objections to the proposed trainers within fifteen (15) days of identification.

45. Within sixty (60) days after the Effective Date, KFHPW shall submit to the EEOC a description of all training materials to be provided pursuant to Paragraphs 38-43 above. The EEOC may provide objections and comments within fifteen (15) days regarding the proposed training materials, and request re-submission.

46. KFHPW shall track in writing or electronically all employees required to attend, and who do attend a training program described in Paragraphs 38-43.

47. For any subsequent training sessions that have been materially changed in any way during the pendency of the Decree, KFHPW shall provide the EEOC with copies of all such materially-changed training materials no later than thirty (30) days prior to use. The EEOC will advise KFHPW of any objections or comments to proposed training materials within fifteen (15) days, and request re-submission.

48. For purposes of this Section, "materially changed" shall refer to any modifications that change the substantive provisions referenced in Paragraphs 38-43 of this Section.

### G. Policies Designed to Promote Accountability

49. Within sixty (60) days after the entry of this Decree, KFHPW shall adopt and disseminate a written job expectation document that evaluates and holds managers, supervisors and Human Resources personnel accountable as part of the disciplinary process regarding: (a) their

CONSENT DECREE
Case No. 2:21-cv-01338

13

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

1  compliance with EEO policies and procedures; (b) their maintenance of a workplace free of

2  discrimination, harassment, a hostile work environment and retaliation; and (c) their obligation to

3  report, prevent, and correct any discrimination, harassment, hostile work environment or retaliation

4  they observe or become aware of in the workplace. KFHPW shall provide a copy of its revised

5  written job expectation document to the EEOC within fourteen (14) days before dissemination to its

6  employees. The EEOC will provide any comments within seven (7) days of receipt.

7        **H.**      **Neutral Reference**

8        50.      KFHPW shall ensure that no charge or allegation of discrimination against

9  Defendant, and no reference to this lawsuit, are included in Darlene Hayden's personnel file.

10 KFHPW shall not disclose any information or refer to any charge of discrimination or this lawsuit in

11 responding to requests for information from potential employers about Hayden. In response to any

12 job verification or job reference request, KFHPW shall, consistent with its usual practice, provide

13 neutral information regarding Darlene Hayden consisting only of employment dates and position(s)

14 held.

15 **IX.**      **NOTICE**

16       51.      Within thirty (30) days after the Effective Date, KFHPW shall post for the duration of

17 this Decree, in a prominent place frequented by employees at all KFHPW facilities, the notice

18 attached as Exhibit A. The notice shall be the same type, style, and size as Exhibit A. The notice

19 shall be replaced if it is removed or becomes defaced. KFHPW shall certify to the EEOC in writing

20 that the Notice has been posted and the location of the posting within ten (10) days of posting.

21 **X.**      **REPORTING**

22       52.      In addition to the reporting requirements in Section VIII above, within one hundred

23 eighty days (180) days after the Effective Date and every six months thereafter, KFHPW shall

24 submit a report containing the following information by e-mail to:

25 EEOC-SFDO_COMPLIANCE@eeoc.gov:

26       (a)      A copy of its discrimination, harassment, hostile work environment, and

27 retaliation policies required under the terms of this Decree, including the internal complaint and

28 investigation procedures used by the National EEO Investigations Unit;

(b)     A statement confirming that all training required under this Decree has been initiated and/or completed;

(c)     Attendance lists for all training sessions required under this Decree that took place during the previous six months. The lists shall include the number of employees who attended the training session, a unique ID number and the job title for each individual, their hire date, job title, supervisory status, and the date of their attendance at the training, and shall list by unique employee identifier the individuals who have not fulfilled the training requirement;

(d)     A report summarizing any complaint received during the previous six months regarding race discrimination, harassment, hostile work environment, or retaliation against a Black/African-American KFHPW-TMC applicant or employee with job titles listed, names redacted (but with each complainant designated with a unique numerical identifier that will be used for all complaints submitted by that complainant), the nature of such complaints, whether the allegations were found to be substantiated, and if so, the corrective actions that were taken, the identity of the National EEO Investigations staff or the third party who investigated the complaint. Upon request from the EEOC, KFHPW shall within seven (7) days provide the EEOC copies of the documentation, including investigative records concerning fact gathering and remedial actions, for any complaints and investigations described in the report, including but not limited to names and contact information of complainants and witnesses.

(e)     KFHPW shall provide the information mandated in Paragraphs 52(c)-(d) in one of the following searchable formats: Excel, Access, or ASCII delimited ("csv"). Regardless of the format, the first row shall consist of the field (or variable) names or unique numerical identifier. There must be one column for each field (variable) requested. First and last names (or unique numerical identifier) must be provided as a separate field (variables);

(f)     A signed certification from KFHPW that it has satisfied the posting requirements of Section IX for the preceding one hundred eighty (180) days, and that the posting has not been defaced; and

(g)     A description of any purchase or transfer of all or a portion of KFHPW's assets, including the identification of the purchaser or transferee and the date(s) of any transfer or

CONSENT DECREE
Case No. 2:21-cv-01338

15

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

purchase.

## XI. MODIFICATION AND SEVERABILITY

53. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing and signed by an authorized representative of each Party, and approved by the Court.

54. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. In any such event, the remaining provisions will remain in full force and effect.

## XII. DURATION OF CONSENT DECREE AND CONTINUED JURISDICTION

55. This Action shall be dismissed with prejudice and the Court shall retain jurisdiction through the duration of this Consent Decree for the purpose of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein. The procedures described below are not intended to diminish this Court's inherent power to enforce any provision of this Decree.

56. This Consent Decree shall be in effect for three years from the date of entry by the Court (Effective Date).

57. If the EEOC determines that KFHPW has failed to comply with any provision of this Decree, the EEOC may petition this Court to enforce the Decree. Prior to initiating such petition, the EEOC will notify KFHPW in writing of the nature of the alleged breach of the Decree. KFHPW shall have sixty (60) days from receipt of the EEOC's written notice of the alleged breach to resolve or cure the alleged breach. The sixty-day period following written notice shall be used by the Parties in good faith to resolve the issue. If, after sixty (60) days have passed with no resolution or agreement to extend the time further, the EEOC may petition this Court for compliance with this Decree. If the EEOC petitions the Court and the Court finds KFHPW to be in violation of the terms of the Decree, the Court may extend the duration of the Consent Decree.

/ / /

CONSENT DECREE
Case No. 2:21-cv-01338

16

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

### XIII. COSTS OF ADMINISTRATION AND IMPLEMENTATION OF THE DECREE

58. KFHPW shall bear all costs associated with its administration and implementation of its obligations under this Decree.

### XIV. COSTS AND ATTORNEYS' FEES

59. Each Party shall bear its own costs of suit and attorneys' fees.

### XV. COUNTERPARTS AND FACSIMILE SIGNATURES

60. This Decree may be signed in counterparts. An electronic or facsimile signature shall have the same force and effect of an original signature or copy thereof. All parties, through the undersigned, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

DATED this 9th day of May, 2023.


By: */s/ Roberta L. Steele*

ROBERTA L. STEELE
Regional Attorney

MARCIA L. MITCHELL
Supervisory Trial Attorney

RAYMOND T. CHEUNG
Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Office of the General Counsel
131 "M" Street NE
Washington, D.C. 20507

*Attorneys for Plaintiff*


DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant Kaiser Foundation Health Plan of Washington*

By  */s/ Giancarlo Urey* (as authorized on 5/8/23)
Portia R. Moore, WSBA #13354
Giancarlo Urey, WSBA #57898
Rebecca Shelton, WSBA #55711
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone:  206.622.3150

CONSENT DECREE
Case No. 2:21-cv-01338

17

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
450 GOLDEN GATE AVE, 5TH FLOOR WEST, POB 36025
SAN FRANCISCO, CA 94102
PHONE (650) 684-0950   FAX (415) 522-3425

**EXHIBIT A**



# NOTICE TO EMPLOYEES

A federal agency called the U.S. Equal Employment Opportunity Commission (EEOC) and Kaiser Foundation Health Plan of Washington (KFHPW) have resolved a lawsuit filed by the EEOC involving allegations that an African American employee experienced a racially hostile work environment. The title of the lawsuit is: *Equal Employment Opportunity Commission vs. Kaiser Foundation Health Plan of Washington*; Case No. 2:21-cv-01338 LK. The lawsuit was filed at the Seattle Federal Courthouse. This notice is being posted by order of the Court to settle the lawsuit.

Pursuant to the settlement, KFHPW has updated and created additional policies and procedures to prevent discrimination or a hostile work environment. KFHPW will also provide additional training for all employees, supervisors and managers to make sure there is no unfair treatment in the workplace.

If you have any questions or complaints of harassment, you can follow the complaint process provided to you by KFHPW, or you can contact the EEOC. The EEOC is the federal agency that protects employees from racial harassment, retaliation and unfair treatment. Talking to the EEOC is free and the agency has employees who speak different languages including English, ASL, Spanish and many other languages.

For information about the EEOC, including the location nearest to you can contact:

Website: www.eeoc.gov
Phone number: (206) 220-6884
TDD: (206) 220-6882

Email: info@ask.eeoc.gov

**THIS POSTING IS AN OFFICIAL NOTICE AND BY ORDER OF THE COURT MUST NOT BE DEFACED OR OBSCURED**

Dated: _____     _____
                                  President, Kaiser Foundation Health Plan
                                  of Washington